Andrew C. Schwartz (State Bar No. 064578)
Thom Seaton (State Bar No. 62713)
CASPER, MEADOWS, SCHWARTZ & COOK
A Professional Corporation
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, California  94596
Telephone:   (925) 947-1147
Facsimile:    (925) 947-1131
E-Mail:  Schwartz@cmslaw.com

Mark E. Merin (State Bar No. 043849)
Jeffrey I. Schwarzschild (State Bar No. 192086)
LAW OFFICES OF MARK E. MERIN
2001 P Street, Suite 100
Sacramento, California  95814
Telephone:   (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:  mark@markmerin.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL MOYLE, a minor, by and through his Guardian Ad Litem, his custodial parent, RHONDA BOWERS; KATHERINE ERMITANO, a minor, by and through her Guardian Ad Litem, her custodial parent, MARLON ERMITANO, and on behalf of themselves and all those similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CONTRA COSTA COUNTY; CONTRA COSTA COUNTY PROBATION DEPARTMENT; CONTRA COSTA COUNTY CHIEF PROBATION OFFICER LIONEL CHATMAN, in his individual and official capacities; CONTRA COSTA COUNTY CHIEF DEPUTY PROBATION OFFICER FOR JUVENILE HALL, NANCY MILLER, in her individual and official capacities; and DOES 1 THROUGH 100,<br><br>　　　　　Defendants. | Case No. C05-02324<br><br>FIRST AMENDED CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Moyle vs. Contra Costa County, et al .*
FIRST AMENDED CLASS ACTION COMPLAINT

Page 1

PLAINTIFFS COME BEFORE THIS HONORABLE COURT AND ALLEGE:

## INTRODUCTION

This is an action for declaratory and injunctive relief, damages, and punitive damages against CONTRA COSTA COUNTY, CONTRA COSTA COUNTY PROBATION DEPARTMENT, CONTRA COSTA COUNTY CHIEF PROBATION OFFICER LIONEL CHATMAN in his individual and official capacity, CONTRA COSTA COUNTY CHIEF DEPUTY PROBATION OFFICER FOR JUVENILE HALL, OFFICER NANCY MILLER, in her individual and official capacity; and DOES 1 THROUGH 100 (persons sued herein by their fictitious names) for violations of plaintiffs' constitutional rights resulting from application of CONTRA COSTA COUNTY's and CONTRA COSTA COUNTY PROBATION DEPARTMENT's policies, practices, and customs concerning the use of strip searches and visual body cavity searches in Juvenile Hall. Plaintiffs seek an order declaring illegal defendants' policy of subjecting juvenile detainees in their custody to strip and visual body cavity searches before such detainees have appeared at a detention hearing and without having any reasonable suspicion that the searches will be productive of contraband.

Defendants' strip and visual body cavity search policies, practices, and customs violated and violate the rights of plaintiffs, and each of those persons similarly situated, secured by the Fourth and Fourteenth Amendments to the U.S. Constitution and entitles plaintiffs, and all of those similarly situated, to recover damages under the Federal Civil Rights Act (42 U.S.C. § 1983).

Additionally, plaintiffs include claims under California state law against defendants for violation of the Unruh Civil Rights Act (California Civil Code § 52.1(b)) pursuant to which they are, and each of those persons similarly situated is entitled to recover a minimum of $4,000 for each violation of rights secured to them by the Constitution or laws of the state of California and the constitutional or laws of the United States, and for violation of California Penal Code section 4030's prohibition of pre-detention hearing strip-searches, pursuant to which each plaintiffs are, and each of those persons similarly situated is entitled to recover minimum damages of $1,000 and attorneys' fees.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Moyle vs. Contra Costa County, et al.*   Page 2
FIRST AMENDED CLASS ACTION COMPLAINT

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341(3) and (4) and the aforementioned statutory and constitutional provisions.

2. The court has supplemental jurisdiction over plaintiffs' state claims under 28 U.S.C. § 1367(a).

3. A JURY TRIAL IS HEREBY DEMANDED.

## PARTIES

4. Plaintiff RUSSELL MOYLE, like all those similarly situated, is and at all material times herein was a citizen of the United States and a resident of the state of California who was arrested while a juvenile and who was subjected to multiple strip and/or visual body cavity searches at Contra Costa County's Juvenile Hall, prior to appearing at a detention hearing and/or without the defendants first having a reasonable suspicion that the search would be productive of contraband or weapons.

5. Plaintiff KATHERINE ERMITANO, like all those similarly situated, is and at all material times herein was a citizen of the United States and a resident of the state of California who was arrested while a juvenile and who was subjected to multiple strip and/or visual body cavity searches at Contra Costa County's Juvenile Hall, prior to appearing at a detention hearing and/or without the defendants first having a reasonable suspicion that the search would be productive of contraband or weapons.

6. Defendant CONTRA COSTA COUNTY CHIEF PROBATION OFFICER LIONEL CHATMAN is, and at all material times referred to herein, was responsible for administering Contra Costa County's juvenile detention facilities and for making, overseeing, and implementing the policies, practices, and customs challenged herein relating to the operation of the Juvenile Hall. He is sued in his individual and official capacities.

7. Defendant CONTRA COSTA COUNTY CHIEF DEPUTY PROBATION OFFICER FOR JUVENILE HALL OFFICER NANCY MILLER is, and at all material

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

times referred to herein, was responsible for assisting in the administration of Contra Costa County's juvenile detention facilities and for assisting in the making, overseeing, and implementing the policies, practices, and customs challenged herein relating to the operation of Juvenile Hall.  She is sued in her individual and official capacities.

8. Plaintiffs are informed and believe, and thereon allege that defendants sued herein by their fictitious names (DOES 1 through 100) are Contra Costa Probation Officers and/or other persons employed by the defendant CONTRA COSTA COUNTY who, as part of their duties at the Juvenile Hall subjected plaintiffs, and all those similarly situated, to pre-detention hearing strip and/or visual body cavity searches without first having a reasonable suspicion that the searches would be productive of contraband or weapons.  Plaintiffs are not currently aware of the true names and identities of those sued herein as DOES 1 through 100, but will amend this complaint to include such persons' real names once said names are made available to them.

9. At all material times mentioned herein, each of the defendants was acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of California, CONTRA COSTA COUNTY, and/or the CONTRA COSTA COUNTY PROBATION DEPARTMENT.

10. Defendant CONTRA COSTA COUNTY is, and at all material times referred to herein was, a lawfully created governmental entity created pursuant to the laws of the State of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence of the types of wrongs complained of herein, which wrongs damaged plaintiffs, and all those similarly situated, as herein alleged.  Plaintiffs' allegations against the COUNTY are based on acts and omissions of the CHIEF PROBATION OFFICER, the CHIEF DEPUTY PROBATION OFFICER FOR JUVENILE HALL OFFICER, and their officers, and on acts and omissions of persons who are COUNTY employees, and on the COUNTY's breach of its duty to protect plaintiffs, and all those similarly situated, from the wrongful conduct of said persons and employees.

11. Defendants CONTRA COSTA COUNTY PROBATION DEPARTMENT,

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Moyle vs. Contra Costa County, et al.*   Page 4
FIRST AMENDED CLASS ACTION COMPLAINT

1  CONTRA COSTA COUNTY CHIEF PROBATION OFFICER LIONEL CHATMAN,
2  acting in his individual and official capacities, and CONTRA COSTA COUNTY CHIEF
3  DEPUTY PROBATION OFFICER FOR JUVENILE HALL OFFICER NANCY MILLER,
4  acting in her individual and official capacities, also maintained or permitted an official
5  policy or custom or practice causing or permitting the occurrence of the types of
6  wrongs complained of herein, which wrongs damaged plaintiffs, and all those similarly
7  situated, as herein alleged.

   12.  Class action plaintiffs are all those similarly situated juveniles who were
8  subjected by defendants to pre-detention hearing strip and/or visual body cavity
9  searches without defendants having a reasonable suspicion that the searches would
10 be productive of contraband or weapons and who have not yet reached adulthood or
11 who have turned 18 within two years of the filing of this action.

12    13.  On December 30, 2004, plaintiff RUSSELL MOYLE, on his own behalf,
13 and on behalf of a class of similarly situated individuals filed a Juvenile Class
14 Government Claim pursuant to California Government Code § 910 against CONTRA
15 COSTA COUNTY; CONTRA COSTA COUNTY PROBATION DEPARTMENT;
16 CONTRA COSTA COUNTY CHIEF PROBATION OFFICER LIONEL CHATMAN, and
17 CONTRA COSTA COUNTY CHIEF DEPUTY PROBATION OFFICER FOR JUVENILE
18 HALL, JIM MATHERON, and DOES 1 through 100.  On February 8, 2005, the Contra
19 Costa Board of Supervisors denied the claim and on February 9, 2005, a Deputy
20 County Clerk mailed the Notice of Denial to Plaintiff's counsel.

21    14.  On August 1, 2005, plaintiff KATHERINE ERMITANO, on her own behalf,
22 and on behalf of a class of similarly situated individuals filed a Juvenile Class
23 Government Claim pursuant to California Government Code § 910 against CONTRA
24 COSTA COUNTY; CONTRA COSTA COUNTY PROBATION DEPARTMENT;
25 CONTRA COSTA COUNTY CHIEF PROBATION OFFICER LIONEL CHATMAN, and
26 CONTRA COSTA COUNTY CHIEF DEPUTY PROBATION OFFICER FOR JUVENILE
27 HALL, NANCY MILLER, and DOES 1 through 100.   On September 13, 2005, the
28 Contra Costa Board of Supervisors denied the claim and on September 14, 2005, a
   Deputy County Clerk mailed the Notice of Denial to Plaintiff's Counsel.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Moyle vs. Contra Costa County, et al .*                                              Page 5
FIRST AMENDED CLASS ACTION COMPLAINT

## FACTS

15. In or about August 26, 2004, plaintiff RUSSELL MOYLE, a minor, was arrested and transported to Juvenile Hall in the County of Contra Costa, California, and there, prior to a detention hearing, was subjected to visual body cavity searches in violation of California Penal Code § 4030, the California state constitution's guarantee of the right of privacy, the Fourth and Fourteenth Amendments to the United States Constitution and the Bane Act (Civil Code § 52.1).

16. Each and every time that plaintiff RUSSELL MOYLE left his housing unit within Juvenile Hall, upon his return, he was subjected to a visual body cavity search. These searches occurred after claimant visited with his parents, his lawyer, and every other time he left his housing unit. The strip searches were performed without particularized reasonable suspicion that the searches would be productive of contraband or weapons. Plaintiff RUSSELL MOYLE is informed and believes, and thereon alleges, that defendants had no reasonable suspicion that a strip or visual body cavity search of plaintiff would result in the discovery of contraband or weapons.

17. On or about May 25, 2005, plaintiff KATHERINE ERMITANO, a minor, was arrested and transported to Juvenile Hall in the County of Contra Costa, California, and there, prior to a detention hearing, was subjected to visual body cavity searches in violation of California Penal Code § 4030, the state constitution's guarantee of the right of privacy, the Fourth and Fourteenth Amendments to the United States Constitution and the Bane Act (Civil Code § 52.1).

18. Each and every time that plaintiff KATHERINE ERMITANO left her housing unit within Juvenile Hall, upon her return, she was subjected to a visual body cavity search. These searches occurred after claimant visited with her parents, her lawyer, after a court appearance, and every other time she left her housing unit. The strip searches were performed without particularized reasonable suspicion that the searches would be productive of contraband or weapons. Plaintiff KATHERINE ERMITANO is informed and believes, and thereon alleges, that defendants had no reasonable suspicion that a strip or visual body cavity search of plaintiff would result in the discovery of contraband or weapons.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

19. Plaintiffs are informed and believe, and thereon allege, that defendants routinely follow their policy, practice, and custom of subjecting pre-detention hearing juvenile detainees, including plaintiffs, to strip and visual body cavity searches, individually and in groups, without having a reasonable suspicion that the searches will be productive of contraband or weapons.

20. Plaintiffs are informed and believe, and thereon allege, that defendants have the ability to identify all such similarly situated plaintiffs, specifically those who are still juveniles or who were juveniles within two years of the filing of this action and who, while in defendants' custody at Juvenile Hall were subjected to strip searches and/or visual body cavity searches prior to appearing at a detention hearing without defendants first having a reasonable suspicion that the searches would be productive of contraband or weapons.

21. Defendants CHATMAN and MILLER and defendants DOES 1 through 10 are jointly and severally personally responsible for the promulgation and continuation of the strip search policy, practice, and custom pursuant to which plaintiffs herein and the persons in the class plaintiffs purport to represent were subjected to the searches complained of herein.

22. As a result of being subjected to the searches complained of herein, plaintiffs, and all those similarly situated, have suffered physical, mental, and emotional distress, invasion of privacy, and violation of due process of law and federal and state statutory and constitutional rights, and are entitled to recover damages according to proof, including exemplary damages.

## CLASS CLAIMS

23. The strip and visual body cavity searches to which plaintiffs, and all those similarly situated, were subjected were performed pursuant to policies, practices, and customs of defendants, and each of them. The searches complained of herein were performed without regard to the nature of the alleged offense for which plaintiffs, and each of those similarly situated, had been arrested, without regard to whether or not each plaintiff, and each of those similarly situated, was eligible for release under Welfare & Institutions Code §§ 628 et seq. Furthermore, the searches complained of

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

herein were performed without defendants having a reasonable belief that plaintiffs, or those similarly situated, so searched possessed weapons or contraband, or that there existed facts supporting a reasonable belief that the searches would produce contraband.

24. Plaintiffs bring this action on their own behalf and on behalf of all persons similarly situated pursuant to Rule 23, Federal Rules of Civil Procedure.

25. The class is defined to include all persons who are currently juveniles or who reached the age of majority within two years of filing of this action, and who were arrested and subjected to a pre-detention hearing strip and/or visual body cavity search at Juvenile Hall without defendants having a reasonable suspicion that the searches would be productive of contraband or weapons.

26. In accordance with Federal Rules of Civil Procedure, Rule 23(a), the members of the class are so numerous that joinder of all members is impractical. Plaintiffs do not know the exact number of class members. Plaintiffs are informed and believe, and thereupon allege, that there are more than 25 persons per day who are arrested by defendants and/or in the custody of defendants and subjected to the searches complained of herein as a result of defendants' policy, practice, and custom relating to said searches. Plaintiffs are informed and believe, and therefore allege, that there are thousands of persons in the proposed class.

27. In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiffs are informed and believe, and thereupon allege, that there are many questions of fact common to the class including, but not limited to: (1) whether defendants routinely subject all juveniles arrested to visual body cavity searches prior to appearance at a detention hearing; (2) whether persons are subjected to visual body cavity searches prior to detention hearings without there being any reasonable suspicion, based on specific or articulable facts; to believe any particular arrestee has concealed drugs, weapons, and/or contraband in bodily cavities which could be detected by means of a visual body cavity search; (3) whether the visual body cavity searches are conducted in an area of privacy so that the searches cannot be observed by persons not participating in the searches, or whether the visual body cavity

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

searches are conducted in groups and/or in open areas where they may be observed by persons not participating in the searches; and, (4) whether the visual body cavity searches are reasonably related to defendants' penological interest to maintain the security of the juvenile detention facility and whether or not there are less intrusive methods for protecting any such interest.

28. In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiffs are informed and believe, and thereupon allege, that there are many questions of law common to the class including, but are not limited to: (1) whether defendants may perform visual body cavity searches on juveniles prior to their detention hearing without reasonable suspicion, based on specific or articulable facts, to believe any particular detainee has concealed drugs, weapons and/or contraband which would likely be discovered by a visual body cavity search; (2) whether defendants may perform visual body cavity searches on juveniles without first reasonably relating the use of the visual body cavity search to defendants' penological interest to maintain the security of the juvenile detention facility and determining if there is a less intrusive method to protect that interest; (3) whether visual body cavity searches may be conducted in areas where the search can be observed by people not participating in the search without violating plaintiffs' Federal and State constitutional rights; and, (4) whether or not defendants' strip search policy and procedure is in accordance with the laws of the State of California and the State and Federal Constitutions.

29. In accordance with Federal Rules of Civil Procedure, Rule 23(a), the claims of the representative plaintiffs are typical of the class. Plaintiffs were subjected to a strip and visual body cavity search, prior to his detention hearing, without reasonable suspicion that a strip or visual body cavity search would produce drugs, weapons or contraband. Representative plaintiffs have the same interests and suffered the same type of injuries as all of the class members. Plaintiffs' claims arose because of defendants' policy, practice, and custom of subjecting arrestees to strip and/or visual body cavity searches prior to detention hearings without having, and recording in writing, a reasonable suspicion that the search would be productive of

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Moyle vs. Contra Costa County, et al.*   Page 9
FIRST AMENDED CLASS ACTION COMPLAINT

contraband or weapons. Plaintiffs' claims are based upon the same legal theories as the claims of the class members. Each class member suffered actual damages as a result of being subjected to a strip or visual body cavity search. The actual damages suffered by representative plaintiffs are similar in type and amount to the actual damages suffered by each class member, in that each member of the class is entitled to minimum damages of $1,000 under Penal Code Section 4030(p) and $4,000 under Civil Code Section 52(a).

30. In accordance with Federal Rules of Civil Procedure, Rule 23(a), the representative plaintiffs will fairly and adequately protect the class interests. Plaintiffs' interests are consistent with and not antagonistic to the interests of the class.

31. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(A), prosecutions of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

32. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of inconsistent adjudications with respect to individual members of the class which would, as a practical matter, substantially impair or impede the interests of the other members of the class to protect their interests.

33. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(2), plaintiffs are informed and believe, and thereupon allege, that defendants have acted on grounds generally applicable to the class, thereby making appropriate the final injunctive or declaratory relief with respect to the class as a whole.

34. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), this class action is superior to other available methods for the fair and equitable adjudication of the controversy between the parties. Plaintiffs are informed and believe, and thereupon allege, that the interests of members of the class in individually controlling the prosecution of a separate action is low, in that most class members would be unable individually to prosecute any action at all. Plaintiffs are informed and

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

believe, and thereupon allege, that the amounts at stake for individuals are so small that separate suits would be impracticable.  Plaintiffs are informed and believe, and thereupon allege, that most members of the class will not be able to find counsel to represent them.  Plaintiffs are informed and believe, and thereupon allege, that it is desirable to concentrate all litigation in one forum because all of the claims arise in the same location; *i.e.*, CONTRA COSTA COUNTY.  It will promote judicial efficiency to resolve the common questions of law and fact in one forum, rather than in multiple courts.

35.   Plaintiffs do not know the identities of all of the class members.  Plaintiffs are informed and believe, and thereupon allege, that the identities of the class members may be ascertained from records maintained by CONTRA COSTA COUNTY, defendant CONTRA COSTA COUNTY PROBATION DEPARTMENT, and defendants CHATMAN and MATHERON.  Plaintiffs are informed and believe, and thereupon allege, that defendants' records reflect the identities, including addresses and telephone numbers, of the persons who have been held in custody in the Juvenile Hall.  Plaintiffs are informed and believe, and thereupon allege, that records maintained by defendants reflect who was subjected to a strip and/or visual body cavity search, when the search occurred, where the search occurred, whether any reasonable suspicion for the search existed, when persons searched appeared at detention hearings, and the charges on which such persons were arrested.  Plaintiffs are informed and believe, and thereupon allege, that all of the foregoing information is contained in defendants' computer system and that the information necessary to identify the class members, by last known addresses, and the dates and reasons for their arrests and/or release from custody, is readily available from said computer system.

36.   In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  Plaintiffs are informed and believe, and thereupon allege, that defendants' computer records contain a last known address for class members.  Plaintiffs

**CASPER, MEADOWS,
SCHWARTZ & COOK**
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Moyle vs. Contra Costa County, et al .*                                                                                         Page 11
FIRST AMENDED CLASS ACTION COMPLAINT

contemplate that individual notice will be given to class members at such last known address by first class mail. Plaintiffs contemplate that the notice will inform class members of the following:

    i. The pendency of the class action and the issues common to the class;

    ii. The nature of the action;

    iii. Their right to "opt out" of the action within a given time, in which event they will not be bound by a decision rendered in the class action;

    iv. Their right, if they do not "opt out," to be represented by their own counsel and to enter an appearance in the case; otherwise they will be represented by the named class plaintiffs and their counsel; and

    v. Their right, if they do not "opt out," to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

### FIRST CLAIM FOR RELIEF

(Violation Of Fourth And Fourteenth Amendments To The U.S. Constitution On Behalf Of Plaintiffs And All Persons Similarly Situated And Against All Defendants And Each Of Them)

37. Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

38. Defendants' policies, practices, and customs regarding the strip and visual body cavity searches complained of herein violated the rights of plaintiffs, and the rights of each of those similarly situated, under the Fourth Amendment to be free from unreasonable searches and seizures. These policies, practices, and customs also violated the rights of plaintiffs, and the rights of each of those similarly situated, to due process and privacy under the Fourteenth Amendment, and directly and proximately damaged plaintiffs, and each of those similarly situated, as herein alleged, entitling plaintiffs, and all those similarly situated, to recover damages for said

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

constitutional violations pursuant to 42 U.S.C. § 1983.

WHEREFORE, plaintiffs, on behalf of themselves and on behalf of all those similarly situated, pray for relief as hereunder appears.

### SECOND CLAIM FOR RELIEF

(Violation Of The California State Unruh Civil Rights Act, Civil Code Section 52.1 On Behalf Of Plaintiffs And All Persons Similarly Situated And Against All Defendants And Each Of Them)

39. Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

40. By requiring plaintiffs, and all those similarly situated, to submit to pre-detention hearing visual body cavity searches without first having reasonable suspicion that such searches would be productive of weapons or contraband, recording such reasonable suspicion, and having such searches approved in writing by a supervisor prior to conducting such searches; and/or by conducting visual body cavity searches in groups and/or in areas where the searches were viewed by persons who were not participating in the searches, defendants, and each of them, have coerced and interfered with plaintiffs' California Constitutional Right to Privacy (Article I, Section 1) and Statutory Rights (Penal Code section 4030, which prohibits strip searches of persons in groups and pre-detention hearing strip searches of juveniles charged with minor offenses and misdemeanors, without reasonable suspicion, recorded in writing and approved by a supervisor).

41. Plaintiffs, and each of the persons plaintiffs seek to represent, was harmed by defendants' coercion and interference with their aforementioned constitutional and statutory rights.

42. By using coercion to interfere with plaintiffs' aforementioned constitutional and statutory rights, defendants, and each of them, have violated the California Bane Act (Cal. Civil Code § 52.1).

43. Defendants' violations of the Bane Act makes them liable to each plaintiff for damages up to a maximum of three times the amount of each plaintiff's actual damages, but in no event less than four thousand dollars ($4,000), together with any

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Moyle vs. Contra Costa County, et al.*  
FIRST AMENDED CLASS ACTION COMPLAINT

Page 13

1  attorney's fees and costs that may be determined by the court.

2  WHEREFORE, plaintiffs, on behalf of themselves and on behalf of all those
3  similarly situated, pray for relief as hereunder appears.

### THIRD CLAIM FOR RELIEF

(Violation Of California Penal Code Section 4030 On Behalf Of Plaintiffs
And All Persons Similarly Situated And Against All Defendants And Each
Of Them)

44. Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

45. Defendants' policies, practices, and customs regarding the strip and visual body cavity searches complained of herein violated California Penal Code Section 4030, and directly and proximately damaged plaintiffs, and each of those similarly situated, as herein alleged, entitling each plaintiff, each of those similarly situated, to recover damages for said constitutional violations pursuant to Penal Code § 4030(p) of no less than $1,000.

WHEREFORE, plaintiffs, on behalf of themselves and on behalf of all those similarly situated, pray for relief as hereunder appears.

### FOURTH CLAIM FOR RELIEF

(For Exemplary Damages On Behalf Of Plaintiffs And All Persons
Similarly Situated And Against All Individually Named Defendants, And
Each Of Them)

46. Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

47. Plaintiffs and all those similarly situated were minors at the time defendants subjected them to the humiliating, degrading, and unlawful strip searches complained of herein. Defendants exploited on the young age of plaintiffs and all those similarly situated to coerce plaintiffs, and the members of the class they represent, to comply with their unlawful demands. Defendants' conduct was oppressive, malicious, and done in complete disregard of the rights of plaintiffs and all

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Moyle vs. Contra Costa County, et al.*                                                Page 14
FIRST AMENDED CLASS ACTION COMPLAINT

those similarly situated; and, therefore plaintiffs, and all those similarly situated, are entitled to recover, in addition to actual damages, damages to make an example of and to punish the individually named defendants, and each of them.

WHEREFORE, plaintiffs, on behalf of themselves and on behalf of all those similarly situated, pray for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and on behalf of all those similarly situated, seek judgment as follows:

1. For declaratory and injunctive relief declaring illegal and enjoining, preliminarily and permanently, defendants' policies, practices, and customs of subjecting pre-detention hearing juvenile detainees to strip and visual body cavity searches without having a reasonable suspicion that such searches would be productive of contraband or weapons.

2. Certification of the action as a class action;

3. For compensatory, general, and special damages for each representative and for each member of the class of plaintiffs, as against all defendants;

4. Exemplary damages as against each of the individual defendants in an amount sufficient to deter and to make an example of those defendants;

5. Attorneys' fees and costs under 42 U.S.C. § 1988, California Penal Code § 4030(p), and California Civil Code §§ 52 et seq.; and,

6. The cost of this suit and such other relief as the court finds just and proper.

DATED: September 15, 2005

Respectfully submitted,

Andrew C. Schwartz
CASPER, MEADOWS, SCHWARTZ & COOK
Attorneys for Plaintiffs

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Moyle vs. Contra Costa County, et al.*  Page 15
FIRST AMENDED CLASS ACTION COMPLAINT