UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL MOYLE, a minor, by and through his Guardian Ad Litem, his custodial parent, RHONDA BOWERS; KATHERINE ERMITANO, a minor, by and through her Guardian Ad Litem, her custodial parent, MARLON ERMITANO, and on behalf of themselves and all those similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>CONTRA COSTA COUNTY; CONTRA COSTA COUNTY PROBATION DEPARTMENT; CONTRA COSTA COUNTY CHIEF PROBATION OFFICER LIONEL CHATMAN, in his official capacity; CONTRA COSTA COUNTY CHIEF DEPUTY PROBATION OFFICER FOR JUVENILE HALL, NANCY MILLER, in her official capacity; and DOES 1 THROUGH 100,<br><br>　　　　　　　Defendants. | Case No.   C05-02324 JCS<br><br>**[PROPOSED] ORDER AND JUDGMENT OF DISMISSAL**<br><br>**DATE**:　March 19, 2010<br>**TIME**:　9:30 a.m.<br>**CTRM**:　A, 15th Floor<br>**JUDGE**:　Hon. Joseph C. Spero, Magistrate |

　　　This matter came on regularly for a Fairness Hearing on March 19, 2010, in Courtroom A of the above-entitled Court, the Honorable Joseph C. Spero, Magistrate Judge presiding.  Plaintiff Class was represented by Class Counsel Mark E. Merin of the Law Office of Mark E. Merin and Andrew C. Schwartz of the firm Casper, Meadows, Schwartz & Cook; Defendants were represented by Peter Obstler and Jee Young You of the firm Bingham McCutchen, and James Fitzgerald of the firm McNamara,

1

Dodge, Ney, Beatty, Slattery, Pfalzer, Borges & Brothers.

After considering the documents previously submitted by the parties, including the Stipulated Motion for Preliminary Approval of Provisional Settlement Class and Settlement of Class Action, together with the extensive exhibits attached thereto; the Application of Plaintiff's Class Counsel for Award of Attorneys' Fees and Costs; Plaintiffs' Submission in Support of Final Approval of the Settlement; the arguments of counsel; and the submission from the Class Claims Administrator,

IT IS NOW ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. On September 18, 2009, this Court entered its order preliminarily approving settlement of the above-captioned class action. Since the entry of the Court's Preliminary Order, in accordance with the Stipulation of Settlement as proved to the satisfaction of the Court, the requisite notice of the Settlement, with opt-out and objection information, was published in the <u>Contra Costa Times</u> and the <u>West County Times</u> on November 5, 11, and 18, 2009. The notice of the Settlement and approved claim forms, were posted by First Class Mail to the last-known address of each person in the Settlement Class. Both the published notice and the mailed notice specified that Claim Forms had to be delivered to the Claims Administrator, postmarked no later than January 19, 2010.

2. Both the published and mailed notices specified that any person who chooses to object to the Settlement, either personally or through counsel, and desired to appear at the Fairness Hearing, was required to submit a Notice of Intention to appear, together with written arguments in support of any objection, by January 19, 2010. No objections have been received by counsel or filed with the Court.

3. The Court is satisfied from all of the memoranda of law, declarations, and exhibits submitted to the Court, that the Stipulation of Settlement is fair, and the Court now finds for the reasons stated on the record at the hearing on March 19, 2010, that the Stipulation of Settlement is fair and finally approves it as such. The Stipulation of Settlement is incorporated herein by this reference as if set out in full.

4. The "Settlement Class" means all of those persons who are members of the following defined class:

> All SCMs who were booked at Contra Costa County Juvenile Hall during the class period who were strip-searched at intake pursuant to Contra Costa County's policy and practice of strip-searching all such juveniles prior to their detention hearings, except for: 1) those who were strip-searched at

2

~~PROPOSED~~ ORDER AND JUDGMENT OF DISMISSAL
*Moyle, et al. vs. Contra Costa County, et al.;* USDC, No. Dist., Case No. C 05-02324 JCS

        intake after being admitted for an alleged violation (felony or misdemeanor) involving violence, drugs, or weapons; 2) those who had a prior history of being booked on offenses involving drugs, weapons, or violence; 3) those who were subject to parole or probationary search conditions at the time of the strip search; and 4) those who were transferred from another detention facility and thus were not under the constant supervision of a Contra Costa County employee.

5. Persons who previously commenced civil litigation challenging the legality of any strip search at the Contra Costa County Juvenile Hall during the class period and have prevailed, settled or had their complaints denied on their merits, and persons who have given timely notice of their election to be excluded from the Settlement Class are not included in the Settlement Class.

6. All claims and complaints of the named Representative Plaintiff, together with all persons in the Settlement Class, are now dismissed with prejudice as to all of the Released Persons, defined to include all Defendants, their predecessors, successors, and/or assigns, together with past, present and future officials, employees, representatives, attorneys and/or agents of the County of Contra Costa. Claims and complaints of such persons are now forever barred, and all Settlement Class Members are enjoined from asserting against any Released Persons any and all claims which the Settlement Class Members had, have, or may have in the future arising out of the facts alleged in the complaint.

7. Each Released Person is released from the claims which any Settlement Class Member has had or may in the future have against any such Released Persons arising out of the facts in the complaint.

8. This Court explicitly finds that the Stipulation of Settlement, which is now made final by this Judgment, was entered into in good faith, is fair and reasonable, and adequate, and is in the best interest of the Class. The Court expressly finds the amount of attorney's fees and costs sought to be fair and reasonable and expressly approves payment to class counsel, Mark E. Merin of the Law Office of Mark E. Merin and Andrew C. Schwartz of the firm Casper, Meadows, Schwartz & Cook, in the amount of Eight Hundred Thousand Dollars ($800,000), as and for attorney fees and reimbursement of costs, for the representation of Settlement Class Members herein, to be paid as provided in the Stipulation of Settlement.

9. The Court further explicitly approves payment from the payment fund of a total of One Hundred Thousand Dollars ($100,000.00) to be distributed to the Representative Plaintiff, Katherine

3

Ermitano, as specified in the Stipulation of Settlement. The Court finds the amount is fair and adequate in view of the damages suffered by the Representative Plaintiff and the efforts she expended in litigating this case in the more than five years from the time the original claim was filed.

10. Claims have been submitted and, in accordance with the claims processing procedure specified in the Stipulation of Settlement, will be reviewed, valued, and paid by the Claims Administrator from funds provided by the Defendants as soon as practicable following the effective date of this Judgment, meaning the date it is entered and becomes final, but in any event no later than 30 days after notification by the Claims Administrator that they have evaluated all the claims received and are ready to disburse settlement. Such Judgment will be deemed final only upon the expiration of the time to appeal or, if a notice of appeal is filed in this matter, upon exhaustion of all appeals and petitions for writ of certiorari.

11. The Court reserves continuing and exclusive jurisdiction over the parties in this action, including Defendants and all Settlement Class Members, to administer, supervise, construe and enforce the Settlement in accordance with the terms for the mutual benefit of all of the parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the complaint in this action be dismissed with prejudice and that judgment be and the same hereby is entered pursuant to the terms of this Order.

Dated: 03/19/2010

HON. JC\
Magistrate [Judge], United States District Court\
Northern [District of California], San Jose Division

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — Judge Joseph C. Spero]*

4

**PROPOSED ORDER AND JUDGMENT OF DISMISSAL**
*Moyle, et al. vs. Contra Costa County, et al.;* USDC, No. Dist., Case No. C 05-02324 JCS